# HOPE *v*. VOIGHT.

---

PATENTS; INTERFERENCE; CONCEPTION, EVIDENCE OF; REDUCTION TO PRACTICE; PRIORITY OF INVENTION.

1. A full-sized operative structure fit for commercial use, except for the ornamentation and polish, *held*, in an interference case, to be a full

and complete reduction to practice for the purpose of displaying the invention.

2. Where, in an interference case, claims are advanced by a party thereto of conception and disclosure at dates several years before any dates satisfactorily proved, and it appears that in the meantime manufacturers were demanding a device of the kind in issue, and such party made no disclosure to such manufacturers, nor any attempt to reduce to practice, but endeavored to sell patents upon prior similar devices not embodying the invention, and failed on the express ground that they did not possess tne advantages found in the invention of the issue, such claims to early conception and disclosure are entitled to no consideration.

2. In an interference case involving the invention of an improvement in locks of the kind known in the trade as "unit locks," a decision of the Commissioner of Patents was *affirmed,* where it appeared that the appellee conceived and disclosed his invention and reduced it to practice May 6, 1902, while there was no satisfactory proof that at any time before May 26, 1902, the appellant had a conception of the invention.

No. 284. Patent Appeals. Submitted January 12, 1905. Decided February 7, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          ·          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Socrates Scholfield, Mr. Ellis Spear, Jr.,* and *Mr. James M. Spear* for the appellant.

*Mr. Robert C. Mitchell* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the Acting Commissioner of Patents in an interference case.

The matter of dispute is the ownership of an improvement in locks of the kind known in the trade as "unit locks," which are made in one integral piece. Patents for unit locks had been procured by John Hope, one of the parties to this contest, in 1889 and 1890; but the patents proved to be impracticable, for the reason that the locks were not adjustable to doors of differ-

ent thickness.　The element of adjustability is what makes valuable the improvement here in controversy, which is thus stated in two counts formulated in the proceedings in the Patent Office:

"1. In combination, two separate frame-plates, separate knobs, roll-backs and slides mounted on said plates, and a latch-bolt operatively connected with said slides, whereby the said plates may be applied to doors of different thicknesses and the latch be operatively connected therewith.

"2. In a lock, a frame arranged to be fitted to the outside of a door, another frame arranged to be fitted to the inside of a door, each of said frames carrying complete latch-operating mechanism arranged respectively outside and inside of said door and covered by said frames, a latch, said latch-operating mechanism being so secured thereto that the space between the frames may be varied without disconnecting either latch mechanism from the latch."

The appellant, Hope, claims to have conceived and disclosed the invention in January and February of 1890; to have made another disclosure of it in 1897, and still another in 1899; to have completed a model of it about June 4, 1902; and to have reduced it to practice about August 27, 1902.　The appellee, Henry G. Voight, filed a preliminary statement, which, for apparently good cause, he was allowed to amend; and the amended preliminary statement was to the effect that he conceived the invention about the middle of January, 1902; that he disclosed it about March 26, 1902; that the first structure embodying the features of the issue was completed about May 5, 1902; that no model was made as distinguished from a full-sized operative device; and that the first commercially made lock embodying said invention was completed about January 10, 1903.　Hope filed his application for a patent on December 22, 1902; Voight, on February 9, 1903.

The tribunals of the Patent Office with concurrent unanimity have awarded the merit of priority of invention to Voight; and Hope has appealed to this court.　We find no reason to disturb the conclusion reached by the Acting Commissioner of Patents,

who sat in this case in the place of the Commissioner, fortified as it is by the concurrent decisions of the other tribunals of the Patent Office. We think that the testimony conclusively establishes the fact that, by the 6th of May, A. D. 1902, the appellee Voight had conceived and disclosed the invention and reduced it to practice; and we do not find that the appellant Hope had done anything until after that date to entitle him to the merit of invention. It is very true that the structure which was completed and exhibited by Voight on May 5, 1902, although fully conceded to contain the invention, is claimed on behalf of Hope to have been no more than a crude and experimental model, which was not fit for marketable use. But it was a full-sized operative structure; and, except for the ornamentation and polish requisite for commercial use, it was, for all the purposes of displaying the invention, a full and complete reduction to practice. Of this there can be no reasonable doubt. The only question is as to what Hope did before or after the date mentioned, May 6, 1902.

As to Hope's claim that he had conceived and disclosed the invention as far back as 1890, and again in 1897 and 1900, no consideration is required by us. It appears that during all this time the manufacturers were demanding an adjustable lock, and that Hope had been attempting in vain to sell his patents of 1889 and 1890, and failed to succeed on the express ground that the lock which was required in the trade was a unit adjustable lock, which was not the kind of lock that was covered by the patents issued to him. Now, if during all this time he had a conception of the adjustable lock here in controversy, and had, as he claims, actually made disclosure of it, it is inconceivable that he should not have made disclosure of it to the manufacturers who sought the article, and even more inconceivable that he had made no effort to reduce it to practice. It is conceded by himself that all his experiments in that direction had been consigned to the scrap heap. There is not satisfactory proof in the record that at any time before May 26, 1902, Hope had a conception of the invention. On that day he caused a wooden model of the invention to be com-

menced by a pattern maker, which was completed about June 4, 1902; and, based upon this model, there was a reduction of the invention to practice by him by the construction of a full-sized operative device on August 27, 1902. But all this had been anticipated by Voight's reduction to practice on May 5, 1902.

We think there was no error in the ruling of the tribunals of the Patent Office, and of the Acting Commissioner of Patents, whereby judgment of priority of invention was awarded to the appellee Voight; and we are of opinion that the judgment should be affirmed.

The clerk of the court will certify this opinion and the proceedings in this court in the premises to the Commissioner of Patents according to law.                              *Affirmed.*